UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DATHAN HALL,

    Plaintiff,

    v.

UNITY CENTER FOR BEHAVIORAL
HEALTH, CEDAR HILLS HOSPITAL,
CASCADIA BEHAVIORAL HEALTH,
JANSEN PHARMACEUTICALS,
OREGON STATE HOSPITAL,

    Defendants.

Case No. 3:23-cv-00639-HZ

OPINION AND ORDER

HERNANDEZ, District Judge:

Plaintiff Dathan Hall ("Plaintiff"), appearing *pro se*, brings this 42 U.S.C. § 1983 action alleging that Defendants were deliberately indifferent to his serious medical needs in in violation of the Eighth and Fourteenth Amendments. *See generally* Compl. (ECF No. 2). Plaintiff is an adult in custody at the Deer Ridge Correctional Institution. Defendants Unity Center for Behavioral

1   - OPINION AND ORDER

Health ("Unity"), Cascadia Behavioral Health ("Cascadia"), Janssen Pharmaceuticals, Inc.[1] ("Janssen") and Oregon State Hospital move to dismiss the Complaint for failure to state a claim. *See generally* Defs' Mots. Dismiss (ECF Nos. 5, 8, 12, 15). For the reasons that follow, Defendants' motions are GRANTED and Cedar Hills Hospital ("Cedar Hills") is *sua sponte* dismissed as a Defendant.

## FACTUAL BACKGROUND

In 2019, Plaintiff voluntarily admitted himself to Unity and was prescribed and given Risperdal,[2] an antipsychotic medication. Compl. at 3. After he was discharged, he checked himself into Cedar Hills where he was, again, prescribed and given Risperdal. *Id.* at 3-4.

In April 2021, Plaintiff was admitted to the Oregon State Hospital. *Id.* at 4. At some point, one side of Plaintiff's chest had become noticeably larger than the other and he was sent to Salem Hospital for testing. He was ultimately diagnosed with gynecomastia – overdevelopment or enlargement of male breast tissue – and was told it was a side effect of Risperdal. Plaintiff was scheduled for a surgical consultation but was moved before his appointment.

Thereafter, Plaintiff was placed in the custody of the Oregon Department of Corrections ("ODOC") at the Columbia River Correctional Institute. Plaintiff complained to medical staff about pain and tenderness in his chest, leaking from his chest, and difficulty sleeping on his stomach due to chest pain. Medical staff allegedly confirmed that Plaintiff's issues were due to taking Risperdal.

---

[1] In his Complaint, Plaintiff misspells Janssen Pharmaceuticals, Inc. as "Jansen Pharmaceuticals."

[2] Plaintiff refers to "Risperdone" and "Risperdal." This is the same drug. Plaintiff is likely referring to Risperidone, the generic name of an antipsychotic medication marketed by Janssen under the brand name Risperdal. Janssen Mot. Dismiss at 2, n.3. For ease and clarity, the Court refers to it as Risperdal.

2    - OPINION AND ORDER

In 2022, while still in ODOC custody, Dr. Andrew B. Cramer treated Plaintiff at Legacy Medical Center. *Id*. at 5. Dr. Cramer allegedly told Plaintiff that, due to the side effects of Risperdal, he needed a bilateral mastectomy, but Plaintiff was released from custody before the procedure could take place. Plaintiff was released from prison, but still under ODOC custody, to Cascadia as part of an ODOC mental health release plan, where he was again prescribed Risperdal.

Plaintiff alleges that Defendants failed to follow proper procedures and protocols for testing and monitoring his prolactin levels and were deliberately indifference to his serious medical needs in violation of his Eighth and Fourteenth Amendment rights. He seeks declarative and injunctive relief, in addition to compensatory and punitive damages.

Defendants Janssen, Unity, Cascadia and Oregon State Hospital now move to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The Court notes that Cedar Hills has not appeared in this action. Plaintiff's response to the pending motions was due on August 10, 2023, but he has failed to file any responsive pleadings.

## **LEGAL STANDARD**

To state a claim upon which relief may be granted, a plaintiff must allege facts that give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). A Rule 12(b)(6) motion tests whether there is a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). To survive a Rule 12(b)(6) motion, "the complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. 570). In evaluating a motion to dismiss, the court must accept all well-pleaded material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*,

668 F.3d 1136, 1140 (9th Cir. 2012). In civil actions brought by a *pro se* plaintiff, the court construes the pleadings liberally. *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008).

## DISCUSSION

**1. Defendants Janssen, Unity and Cedar Hills**

Janssen and Unity move to dismiss Plaintiff's Complaint because they are not state actors nor were they acting under color of state law. "Section 1983 does not create any substantive rights, but is instead a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1067 (9th Cir. 2006). To state a cognizable claim under section 1983, a plaintiff must show: (1) defendants acted under the color of state law, and (2) defendants deprived him or her of a constitutional right. *Id*. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). When determining whether a private party acted under color of law, a court starts with the presumption that private conduct does not constitute state action. *Sutton v. Providence St. Joseph Med. Ctr.,* 192 F.3d 826, 835 (9th Cir. 1999). Action by private entities may be state action if there is significant state involvement. *Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir. 1983).

Janssen is part of the Johnson & Johnson family of companies. Janssen Mot. Dismiss at 1. Plaintiff has not alleged any facts suggesting that Janssen acted under color of state law. Therefore, Janssen cannot be liable for any Section 1983 claims and their Motion to Dismiss is GRANTED.

Both Unity and Cedar Hills are private hospitals to which Plaintiff was voluntarily committed, and was prescribed and given Risperdal. Compl. at 3-4. Plaintiff alleges no facts that

4   - OPINION AND ORDER

either of these Defendants acted under color of state law, and so they cannot be held liable for Plaintiff's 1983 claims. *Briley v. California*, 564 F.2d 849, 855-856 (9th Cir. 1977) ("private hospitals and physicians have consistently been dismissed from § 1983 actions for failing to come within the color of state law requirement of this section."). Therefore, Unity's Motion to Dismiss is GRANTED, and Cedar Hills is *sua sponte* dismissed as a Defendant.

2. **Defendant Cascadia**

Cascadia also moves to dismiss Plaintiff's Complaint because it is not a state actor and Plaintiff has not alleged that it was acting under color of state law. While Cascadia is a private hospital, Plaintiff was in ODOC custody at the time of his admission to their facility. Compl. at 5 ("Plaintiff was placed into a mental health program at Cascadia . . . as part of a mental health release plan by ODOC."). However, Plaintiff alleges only that Cascadia doctors prescribed him Risperdal and failed to properly inform him of the side effects or monitor his prolactin levels. Compl. at 5. Nothing in Plaintiff's Complaint suggests that Cascadia acted under color of state law, was clothed with governmental authority or that its involvement with the state was significant. And, even assuming Cascadia was acting under color of state law, Plaintiff's allegations amount to no more than negligence which is not a cognizable claim under Section 1983. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment"). Accordingly, Cascadia's Motion to Dismiss is GRANTED.

3. **Defendant Oregon State Hospital**

Finally, the Oregon State Hospital moves to dismiss Plaintiff's Complaint because Plaintiff fails to state a claim and the Hospital is immune from suit pursuant to the Eleventh Amendment. The only allegation against the Hospital is that, while Plaintiff was a patient there, he learned that

he was suffering from a side effect from taking Risperdal. Compl. at 4. Notably, Plaintiff was prescribed and given Risperdal prior to his admission to the Hospital and was transferred out of the Hospital prior to a consultation for his condition. As such, Plaintiff has not alleged any plausible claim for relief against this Defendant.

Moreover, even if Plaintiff could state a claim, as an arm of the State of Oregon, the Oregon State Hospital is immune from suit in federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). A state or its officials or agencies may not be sued by private individuals in federal court unless the state has unequivocally consented to that action, or Congress has unequivocally expressed its intent under the Fourteenth Amendment to waive the immunity of the States. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996). The Eleventh Amendment otherwise bars any such action regardless of the nature of the relief sought. *Cory v. White*, 457 U.S. 85 (1982). Absent a waiver by the State or a valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. *See Ford Motor Co. v. Department of Treasury of Indiana*, 323 U.S. 459, 464 (1945). Accordingly, Oregon State Hospital's motion to dismiss is GRANTED.

## CONCLUSION

For the reasons explained above, Defendants' Motions to Dismiss (ECF Nos. 5, 8, 12, 15) are GRANTED, and Cedar Hills is *sua sponte* dismissed as a Defendant. Plaintiff's Complaint (ECF No. 2) is dismissed with prejudice.

September 28, 2023  
DATE

_____  
Marco A. Hernandez  
United States District Judge